Parness, P. J.
(dissenting). I would reverse the order appealed from and grant plaintiff lessor’s motion for summary judgment against the defendant guarantors. The general rule is that where a tenant exercises an option to renew a lease, a guaranty of payment of rent continues into the extended term (Jones & Brindisi v Breslaw, 250 NY 147). Moreover, the terms of the guaranty in the corporate tenant’s lease (para 59) expressly refer to and contemplate defendants’ obligation “during the second year”. It is manifest that tenant, by its writing of March *955 7, 1995, exercised the option “for the extension of our lease for one year”, continued in possession, and paid the additional rent required under the lease extension for a period of five months before defaulting. The tenant’s late exercise of the option, which was accepted by plaintiff, does not serve to release defendants from liability as guarantors. Tenant acknowledged that the lease had been renewed in its surrender letter of October 16, 1995, in which its principals stated that “we are unable to fulfill our lease agreement with you” (emphasis added).
Nor does the “new term” added in the renewal, which permitted plaintiff to terminate the tenancy in the event a use violation was placed against the premises, exonerate the defendants. Tenant’s alleged unauthorized commercial use of the premises is a sham issue vis-a-vis the guarantors. To the extent the renewal was at “variance” with paragraph 57 of the lease, it did not increase the risk to the defendants. A guarantor is not discharged by an extension of the contract to which it consents (63 NY Jur 2d, Guaranty and Suretyship, § 206). Here, the individual guarantors were also the principals of the closely held corporate tenant, and the renewal must be deemed to have been entered into with their knowledge and consent (see, Shire Realty Corp. v Schorr, 55 AD2d 356, 364).
Finally, summary judgment should be granted against each of the guarantors, including defendant Keip, who apparently relinquished her interest in the tenant prior to renewal of the lease. Her liability as guarantor was not contingent upon her continuing as an officer of the tenant and her remedy, if any, lies in her cross claims against the other guarantors.
Freedman and Davis, JJ., concur; Parness, P. J., dissents in a separate memorandum.